[No. B161845. Second Dist., Div. Eight. Mar. 3, 2004.]

BARBARA L. McNEILL, Plaintiff and Appellant, v.
STATE FARM LIFE INSURANCE COMPANY et al., Defendants and
Respondents.

**COUNSEL**

Schaffer, Lax, McNaughton & Chen and Stephen A. Lax for Plaintiff and Appellant.

Horvitz & Levy, Barry R. Levy, Loren H. Kraus; Crandall, Wade & Lowe and Victor R. Anderson III for Defendants and Respondents.

OPINION

COOPER, P. J.—Plaintiff, Barbara L. McNeill, appeals from the judgment rendered after the superior court sustained without leave to amend the demurrer of defendants, State Farm Life Insurance Company (State Farm) and its agent Nancy G. Cannon, to plaintiff's complaint for fraud, bad faith, and negligent hiring. Plaintiff seeks reinstatement only of her fraud cause of action, which was dismissed on grounds it was barred by a class action settlement, and because of the statute of limitations. We conclude that defendants did not establish that the fraud claim was so barred, and that plaintiff is entitled to an opportunity to amend her complaint, to plead her cause of action with greater particularity. In so holding, we reject Cannon's contention that, being an agent, she cannot be held liable for intentional misrepresentations.

## FACTS

The complaint was filed December 5, 2001. It alleged that in September 1989, State Farm, through Cannon, entered into policies with plaintiff, insuring the life of Roy McNeill, with a death benefit of $1 million. "At or about the time of the [policies'] issuance," State Farm negligently represented that the annual premiums totaled approximately $27,000, and that after 10 years' payments, none further would be required to keep the policies in effect. These misrepresentations are not the subject of the present case; rather, they were the subject of an Illinois class action (the class action), in which plaintiff was a class member and received compensation. On the other hand, plaintiff alleged, the misrepresentations and conduct by State Farm addressed by the present case occurred after the issuance of the policies, unlawfully compromised plaintiff's rights, and were specifically exempted from the class action settlement.

There followed the first cause of action, for intentional misrepresentation. It alleged that "[b]eginning in or about 1992, and continuing to the present," defendants had made misrepresentations to plaintiff, including the following. (1) The policies would be converted from term insurance "to a universal policy," to conserve premium costs, and when the conversion was complete the premium "would approximate $27,000 a year and would never increase." (2) "After Roy McNeill stopped smoking . . . the premium cost would be $17,000 a year and would not increase." (3) If the policy owner could not afford to pay the premium, the death benefit would be lowered by the premium amount, so that the final benefit would equal the initial death benefit ($1 million) less the amount of premiums unpaid.

Plaintiff alleged that these representations had been false, in that (1) the premiums never stabilized and plaintiff was continuously billed for amounts

far exceeding the $17,000 she had been promised would be the maximum, and (2) defendants had advised plaintiff that failure to pay the premiums when billed would result in cancellation of the policies. After alleging intent to induce reliance and ignorance of falsity, plaintiff asserted she had reasonably relied on the representations and had continued to pay the premiums as billed, to date more than $250,000. Had she known the true facts, she would not have paid those premiums, inasmuch as she could not pay additional amounts that have been demanded to keep the policy in effect. Plaintiff alleged she had suffered mental distress, and also was entitled to punitive damages.[1]

Defendants demurred to the complaint on grounds, among others, that the misrepresentation cause of action failed to state facts constituting a cause of action. In this connection, defendants requested, and the trial court granted, judicial notice of the final judgment in the class action, and of the underlying settlement agreement and amendments to it. Together, these instruments barred suit by class members (including plaintiff) with respect to " 'released transactions.' " Those were defined to encompass "any and all sales practices engaged in by [State Farm] or its Agents with respect to the initial issuance of the Policies." A further amendment provided that " 'released transactions' " would not include practices or acts by State Farm or its agents "following the issuance of a policy and which unlawfully compromise an insured's contractual rights." The amendments to the settlement agreement repeatedly stated that the settlement's release "pertains solely to conduct that occurred in connection with the initial sale of a Policy."

Defendants principally argued that the misrepresentations plaintiff alleged constituted released transactions, for which plaintiff had already been compensated, and which were barred from suit. Defendants also made other arguments, including that Cannon could not be personally liable for acts that were State Farm's responsibility, and that the misrepresentation claim was barred by the three-years-after-discovery limitation of Code of Civil Procedure section 338, subdivision (d).

After receiving opposition and hearing argument, the trial court sustained defendants' demurrers without leave to amend. With respect to the misrepresentation cause of action, the court first found that the pleading was insufficiently specific, with respect to such matters as the time and means of making the representations. Second, the court ruled that the claim was barred by the statute of limitations, inasmuch as plaintiff had incurred damages (paid

---

[1] In causes of action she has since abandoned, plaintiff alleged that State Farm had committed bad faith, by misrepresenting coverage facts and threatening to deprive her of policy benefits by changing its promises about premiums, and had negligently hired and supervised Cannon, causing her to make the false representations.

premiums) by 1992, but the complaint did not allege facts of belated discovery. Observing that "these problems could theoretically be cured by amendment," the court further held that the misrepresentation claim was incurably barred by the class action settlement, by which plaintiff had admitted being bound. First, the alleged misrepresentation that the policy premiums would never exceed $27,000 "necessarily" would have been made in connection with the issuance of the policy. Second, "as a matter of basic logic," the representation that inability to pay premiums would be offset by the death benefit must have been made in the same connection, because plaintiff paid premiums in reliance on it ("i.e., she purchased the policy"). The court did not allude to plaintiff's counsel's statement at the hearing, that Cannon had made the latter representation, in writing, after an inquiry by plaintiff about what would happen if she died and her daughters took over the policies. Nor did the court refer to the further alleged misrepresentation, regarding reduction of the premium when Roy McNeill ceased smoking.

The judgment that followed recited that the misrepresentation cause of action was barred by the statute of limitations and by the class action settlement.

## DISCUSSION

Plaintiff contends that the trial court erroneously ruled that the misrepresentations for which she sought relief were "released transactions" that occurred when the policies were issued. She further contends that, if necessary, the complaint could have been amended to show that the misrepresentations occurred after policy issuance, and to cure any shortcomings of specificity and regarding the statute of limitations. We find plaintiff's position generally compelling.

Central to dismissal of the misrepresentation cause of action was the trial court's conclusion that all of the alleged misrepresentations necessarily had been made in connection with the initial issuance of plaintiff's policies, and thus constituted "released transactions" under the class action settlement. But neither the complaint nor the judicially noticed documentation established that the representations had all been made in that context. The representations about a reduction in premiums for ceasing smoking, and about the offset of unpaid premium amounts against the death benefit, intrinsically could just as easily have been made after the issuance of the policies as before or concurrently with it. On the other hand, as plaintiff acknowledges, the initialrepresentation, regarding the ceiling that premiums would not exceed, would appear to be connected with policy issuance.[2]

---

[2] The complaint alleged that this representation was made together with one that plaintiff's policies would be converted from term to universal form. If that conversion is deemed an

Defendants contend that all of the representations must have been made in connection with the policies' initial issuance, because plaintiff alleged they were made "beginning in or about 1992," which defendants assume is when the universal life policies were issued. But even assuming arguendo that the policies were issued in that year, the complaint neither alleged nor showed that the nonsmoking and premium-offset representations were made before or in connection with that issuance. Under the complaint's language, those representations may have first been made in 1992, but after the policies' issuance. Alternatively, as plaintiff presently argues, other representations (such as the premium ceiling) may have been made in 1992, with the nonsmoking and premium-offset ones made later. Indeed, at the hearing below plaintiff stated that the latter representation was made in a writing after 1992, and she presently avers that it was so made within the three-year limitations period.

■ Finally, defendants contend that the class action's release should be construed to embrace certain transactions or representations that first occurred after policy issuance. That is not a tenable interpretation. The language defining "released transactions," and describing their centrality to the release, is unambiguous. It does not apply to representations made after policy issuance.

The trial court thus had no basis for concluding that plaintiff's misrepresentation claim was barred by the class action settlement as a matter of law.

■ Defendants further contend that the judgment of dismissal was justified on the basis of the statute of limitations. We disagree. With the possible exception of the claim based on the representation that the premiums would not exceed $27,000 per year, the complaint did not show either the making of, reliance on, or suffering of damages from the claimed misrepresentations more than three years before suit. Accordingly, plaintiff was not required to plead compliance with discovery requirements. (See *McKelvey v. Boeing North American, Inc.* (1999) 74 Cal.App.4th 151, 160 [86 Cal.Rptr.2d 645]; see also *Union Carbide Corp. v. Superior Court* (1984) 36 Cal.3d 15, 25 [201 Cal.Rptr. 580, 679 P.2d 14].)

Defendants also argue that plaintiff must be deemed to have constructively discovered the falsity of the nonsmoking and premium-credit representations, because she had learned of previous falsehoods through the class action, and because her premiums had surpassed those she had been promised. But these circumstantial facts and inferences do not warrant a determination of discovery of falsity as a matter of law.

"initial issuance" (in the words of the definition of "released transactions"), then the representation would seem clearly to fall within the release.

■ Defendants finally contend that the action was properly dismissed with respect to Cannon, because only an insurer, not its agent, may be liable to the insured on account of the agent's acts within the disclosed scope of employment. The authorities defendants cite reflect that this rule applies to cases involving failure to procure insurance coverage as requested or agreed upon. (*Lippert v. Bailey* (1966) 241 Cal.App.2d 376, 378–379, 381–382 [50 Cal.Rptr. 478]; *Gasnik v. State Farm Ins. Co.* (E.D.Cal. 1992) 825 F.Supp. 245, 248–249.) But the present cause of action charges intentional misrepresentation, or fraud. Like other agents, an insurance company's may be personally responsible when they commit that tort. (2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency and Employment, § 149, pp. 144–145; 1 Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2003) ¶ 2:54, p. 2–14.3; cf. Ins. Code, § 780.) We disagree with the contrary view of *Good v. Prudential Ins. Co. of America* (N.D.Cal. 1998) 5 F.Supp.2d 804, 807. Moreover, the present complaint's indication of a long-term relationship between Cannon and plaintiff supports an exception to *Good* by its own terms. (*Id.* at p. 808; cf. *Macey v. Allstate Property and Cas. Ins. Co.* (N.D.Cal. 2002) 220 F.Supp.2d 1116.)

## DISPOSITION

The judgment is reversed, with directions to grant leave to amend the first cause of action of the complaint. Plaintiff shall recover costs on appeal.

Rubin, J., and Boland, J., concurred.

A petition for a rehearing was denied April 1, 2004.