FILED

NOT FOR PUBLICATION

NOV 18 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDUARDO CECENA; MARIA CECENA, | No. 08-16710 |
| Plaintiffs - Appellants, | D.C. No. 5:05-cv-03178-JF |
| v. | MEMORANDUM* |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted October 5, 2009
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lyle E. Strom, United States District Judge for the
District of Nebraska, sitting by designation.

Plaintiff/Appellants Eduardo and Maria Cecena appeal various of the district court's rulings in this case. We affirm.

## I.     Jurisdiction

Ordinarily, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is now some authority in California case law holding insurance agents liable for common law fraud or negligent misrepresentation. *See McNeill v. State Farm Life Ins. Co.*, 116 Cal. App. 4th 597, 603 (Cal. Ct. App. 2004). The district court therefore erred by holding that the Cecenas fraudulently joined Michael Romero in the First Amended Complaint, which alleged common law fraud and negligent misrepresentation and was filed in state court before removal.[1]

We nevertheless decline to order remand. "[A] district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996). There was unquestionably complete diversity when judgment was entered in this case,

---

[1] *Mercado v. Allstate Insurance Co.*, 340 F.3d 824, 826 (9th Cir. 2003), did not involve allegations of common law fraud or negligent misrepresentation.

because all claims against Romero were stricken by the district court, and no appeal has been taken from those orders.

## II.     Motion to Amend to Add Promissory Fraud

A party "alleging fraud . . . must state with particularity the circumstances constituting fraud," Fed. R. Civ. Pro. 9(b), including the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation," *Misc. Serv. Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981).  As the Cecenas did not meet this standard with regard to the promissory fraud claim, we affirm the denial of leave to amend.

## III.    Dismissal for Failure to State a Claim

The Cecenas waived their challenge to the dismissal of claims under California Insurance Code §§ 10102 and 10103 because they did not present a legal argument to support the challenge in their opening brief.  *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).  The Cecenas also waived any claim that they qualify for injunctive relief under California Business & Professions Code § 17200, because they presented in their opening brief only a conclusory statement that such relief is due.  *See id.*

3

We affirm the district court's dismissal of the California Business & Professions Code § 17200 claim for restitutionary relief. A plaintiff may obtain as restitution only money that was once in his possession or money in which he has a vested interest, such as unpaid wages for work performed. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149–50 (Cal. 2003). "[N]onrestitutionary disgorgement" is not permitted. *Id.* at 1150–51. The Cecenas do not have a property interest in any money that should have been paid to them by Allstate under their policy but wasn't and so are not entitled to restitution.

## IV. Summary Judgment

### A. Breach of Contract and/or Bad Faith Claims

1. The Cecenas did not request payment for reimbursement of benefits for comparable rental housing and mileage. Allstate therefore did not breach its contract with the Cecenas by failing to provide them such benefits. Nor did the Cecenas' insurance policy require Allstate to make disclosures of Additional Living Expenses ("ALE") benefits beyond those contained in the policy.

2. Allstate paid the Cecenas the full amount of the cost estimate bid by DMC. It also paid the amount of money to which the Cecenas would have been entitled had their policy included building code coverage and a portion of the engineering fees for a new house, although no payment was due for these two

4

expenses under the policy terms. The Cecenas introduced no evidence that they submitted timely estimates to Allstate for additional repair costs not included in the DMC estimate. The Cecenas therefore cannot show that they suffered harm from Allstate's alleged breach of contract or that Allstate acted in bad faith with regard to the Cecenas' structural repairs, including asbestos abatement.

3. Eduardo Cecena and his son Andy clearly stated during their depositions that the trees were damaged during construction of the new home, not during the fire. Because the policy "applies only to direct physical loss caused by fire," there is no basis for a finding of breach of contract or bad faith for failure to pay for the tree damage.

4. With regard to personal property, the Cecenas' policy states that "[i]f you do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis. This means there may be a deduction for depreciation." The Cecenas offer no evidence that they actually replaced the items that were destroyed, but Allstate paid the Cecenas actual cash value plus the depreciation value that had been withheld anyway. This additional payment would more than cover any unduly low payments resulting from the use of sale prices by Allstate's adjuster in valuing the claim. Moreover, the Cecenas' policy did not cover shipping charges unless incurred as a result of the actual replacement of

5

destroyed property. Because the Cecenas did not provide proof of replacement, Allstate did not breach the contract or act in bad faith when it did not pay these costs.

## B. Negligence

We affirm the district court's grant of summary judgment to Allstate on the Cecenas' negligence claim. The record is devoid of evidence that Romero misrepresented the policy, failed to procure coverage that the Cecenas requested, or held himself out as having special expertise to give rise to an independent duty of care. *See Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (Cal. Ct. App. 1997). As a result, Allstate is not liable for negligence, because it did not have a duty to provide different or better coverage. *See Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal. App. 4th 1166, 1180 (Cal. Ct. App. 1998).

## V. Judgment as a Matter of Law

**A.** The district court properly determined that 10 California Administrative Code § 2695.4 does not establish a per se rule requiring Allstate to discuss potential types of ALE expenses with the insured. Section 2695.4 applies to disclosure of "all benefits, coverage, time limits or other provisions of any insurance policy." By its plain language, it refers to "provisions" of an insurance policy, not specific ways in which a provision covering benefits might apply.

6

Current California Insurance Code § 2060 confirms our conclusion. This statutory provision requires precisely what the Cecenas assert 10 California Administrative Code § 2695.4 already required at the time of their claim. The Cecenas' interpretation of § 2695.4 would make the California Legislature's later passage of current § 2060 redundant.

**B.** We affirm the district court's judgment as a matter of law on the Cecenas' fraud, bad faith, and Business & Professions Code § 17200 claims.

There was no evidence at trial that could support the assertion that Allstate had the intent to defraud and knowledge of falsity requisite for a fraud claim under California law. *See Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (Cal. Ct. App. 1989).

Nor was there sufficient evidence for a reasonable trier of fact to conclude that Allstate acted in bad faith. An insurer's "honest mistake, bad judgment or negligence" does not constitute bad faith. *Adelman v. Associated Intern. Ins. Co.*, 90 Cal. App. 4th 352, 369 (Cal. Ct. App. 2001) (internal alterations and quotation marks omitted). There is no evidence in the record on which a reasonable trier of fact could find that Allstate's actions amounted to more than a mistake or bad judgment.

7

Finally, we affirm the district court's holding that the Cecenas could not prevail on their § 17200 claim by "show[ing] either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting § 17200). Testimony by Allstate's employees and the Cecenas did not create an inference that Allstate, in this case or as a general practice, discouraged disclosure of the different kinds of ALE benefits. The Cecenas, not Allstate, suggested staying with their son; they never made their dissatisfaction known to Allstate; and they proposed the amount to "cash out" their ALE benefit, which Allstate paid.

## VI. Evidentiary Rulings

### A. Summary Judgment

The district court stated in its order granting summary judgment that "its analysis of the motion would be the same even if the documents in question were considered." The Cecenas therefore cannot demonstrate prejudice from the district court's exclusion of the documents. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004).

**B.    Trial**

Expert testimony as to industry standards was relevant only to support whether Allstate's actions were unreasonable. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). It did not, however, compensate for the Cecenas' lack of proof that Allstate's actions were deliberate rather than the product of mistake or negligence. The district court did not err by excluding the testimony.

Nor did the district court abuse its discretion by sustaining Allstate's objections to the admissibility of a document obtained from Allstate during discovery. Federal rules of evidence, not state rules, ordinarily apply to diversity actions in federal court, except when "state evidence rules . . . are intimately bound up with the state's substantive decision." *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). California Evidence Code § 623, relied upon by the Cecenas, is a procedural sanction for parties during litigation, untethered to California's substantive interests.

**AFFIRMED.**