NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RSUI INDEMNITY COMPANY,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>DISCOVER P&C INSURANCE CO.,<br><br>    Defendant - Appellee. | No. 14-15825<br><br>D.C. No. 2:13-cv-00960-TLN-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted April 12, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

RSUI Indemnity Company ("RSUI") appeals the district court's dismissal of its equitable subrogation suit against Discover P&C Insurance Company ("Discover"). We reverse and remand. Because the parties are familiar with the history of this case, we need not recount it here.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court erred in concluding that RSUI failed to state a claim for equitable subrogation under California law.  RSUI sought recovery in equitable subrogation against the primary insurer, Discover, after Discover rejected offers to settle a personal injury action within the limits of the primary policy.[1]  The personal injury action ultimately settled for an excess amount, and  RSUI paid the excess on behalf of its insured.  Because the personal injury action resolved through settlement, there was no litigated excess judgment.  The district court concluded that California law required the entry of a litigated excess judgment as prerequisite to an equitable subordination action.  We respectfully disagree.

In analyzing California law when under diversity jurisdiction, "we are bound by the decisions of the state's highest court."  *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1133-34 (9th Cir. 2011).  However, "[i]f the California Supreme Court has not decided the question, we are required to ascertain from all the available data what the state law is and apply it."  *Id.* at 1134 (quotation

---

[1] "Equitable subrogation allows an insurer that paid coverage or defense costs to be placed in the insured's position to pursue a full recovery from another insurer who was primarily responsible for the loss." *Md. Cas. Co. v. Nationwide Mut. Ins. Co.*, 97 Cal. Rptr. 2d 374, 377 (Cal. Ct. App. 2000).  "[A]n insurer may be held liable for a judgment against the insured in excess of its policy limits where it has breached its implied covenant of good faith and fair dealing by unreasonably refusing to accept a settlement offer within the policy limits." *Commercial Union Assurance Cos. v. Safeway Stores, Inc.*, 610 P.2d 1038, 1040 (Cal. 1980) (citations omitted).

2

omitted) (citing *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1045 (9th Cir. 2001)). The decisions by state intermediate appellate courts are "dat[a] for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Estrella v. Brandt*, 682 F.2d 814, 817 (9th Cir. 1982) (quoting *West v. A.T.&T. Co.*, 311 U.S. 223, 237 (1940)).

The California Supreme Court has not decided whether a litigated excess judgment is required as a prerequisite to an equitable subrogation action. It has, however, addressed the issue in the context of actions filed by the insured (or the claimant as the insured's assignee) against the insurer for breach of the statutory duty to settle. In *Isaacson v. California Insurance Guarantee Ass'n*, 750 P.2d 297, 308-09 (Cal. 1988) (in bank), the court held that an insured could file an action against an insurer for breach of the duty to settle without a litigated excess judgment if the insured had expended its own funds to settle the underlying claim in excess of the insurance policy limits. However, in *Hamilton v. Maryland Casualty Co.*, 41 P.3d 128 (Cal. 2002), the court imposed a requirement for the entry of a litigated excess judgment as a prerequisite to filing a breach of settlement claim, in the situations in which there was a risk of collusive settlement between the insured and the claimant. *Hamilton* involved a situation in which,

3

without the insurer's participation or permission, (1) the insured and the claimant entered into a stipulated judgment in excess of insurance policy limits; (2) the claimant executed a covenant not to execute on the judgment; and (3) the insured assigned to the claimant the insured's cause of action for breach of the insurer's duty to accept a reasonable settlement demand. *Id.* at 130.

Under these conditions, the California Supreme Court concluded that a stipulated settlement amount "may [not] be treated as a presumptive measure of the damages the policyholder has suffered as a result of the insurer's breach" of its duties to the insured. *Id.* at 133. The court held that under the circumstances, an assigned claim for breach of the duty to settle "does not become operative, and the claimant's action against the insurer does not mature, until a judgment in excess of the policy limits has been entered against the insured." *Id.* at 132 (citing *Safeco Ins. Co. v. Superior Court*, 84 Cal. Rptr. 2d 43, 46-47 (1999)). The court's rationale was based on the risk of a collusive settlement in which the insured and the claimant agree to inflate a stipulated judgment beyond the actual value of the case, absolving the insured of financial liability and artificially increasing the value of the claimant's subsequent suit against the insurer. *Hamilton* distinguished *Issacson*, because *Issacson* involved the situation in which the insured had

4

contributed to the settlement. *Id.* at 136-37. Under those circumstances, the court noted, there was little risk of the collusive elements presented in *Hamilton*.

The California Supreme Court has not opined on whether the *Hamilton* excess judgment requirement applies to equitable subrogation actions between excess and primary insurers. The California Courts of Appeal have addressed this question, however, and they have reached contrary conclusions. *Compare Fortman v. Safeco Ins. Co.*, 271 Cal. Rptr. 117 (Cal. Ct. App. 1990) (holding that an excess insurer's equitable subrogation claim does not depend on the entry of an excess judgment to prove damages to the insured), *with RLI Ins. Co. v. CNA Cas. of Cal.*, 45 Cal. Rptr. 3d 667 (Cal. Ct. App. 2006) (expressly rejecting *Fortman*). Because there is no controlling California Supreme Court authority, our task is to determine which intermediate appellate decision contains the rule most likely to be adopted by the California Supreme Court were it to address this question. *See West*, 311 U.S. at 236-37.

We conclude that the rule announced in *Fortman* is more likely to be adopted by the California Supreme Court because it more faithfully applies California insurance law. As we have noted, *Hamilton* only applies an excess judgment requirement to situations in which the insured did not contribute to the settlement. It explained that an action for breach of the duty to settle could be

5

brought (either by the insured or the claimant as the insured's assignee) without a litigated excess judgment if the insured contributes payment to conclude the settlement in excess of the insurance policy limits. 41 P.3d at 136. The logic of drawing the distinction is that the risk of a collusively inflated settlement or judgment does not exist when an insured has contributed to the settlement. *Hamilton* did not overrule *Issacson*, which permitted suit without a litigated excess judgment when the insured contributed to the settlement.

*Fortman* recognized this critical distinction between the settlement scenarios, and applied this principle to disputes between contributing excess insurers and primary insurers: when an excess insurer, faced with a primary insurer's unreasonable refusal to pay a settlement demand within the policy limits, actually contributes payment to conclude settlement, it may state a claim for equitable subrogation despite the absence of a litigated excess judgment. 271 Cal. Rptr. at 119. *Fortman*'s conclusion is consistent with *Hamilton* and *Issacson*. The collusive risk that *Hamilton* wished to avoid is not present when an excess insurer contributes to settle a case on behalf of an insured.

The *Fortman* rule is also consistent with public policy interests identified by California courts in the insurance context: it promotes the settlement of claims, promotes excess insurers' contribution to settlement, and is favorable both to the

6

insured and to claimants. As we have previously concluded, under California law, "policy considerations pertinent to both the courts and the insurance industry favor allowing an excess insurer to enforce a primary insurer's duties to the insured." *Valentine v. Aetna Ins. Co.*, 564 F.2d 292, 297 (9th Cir. 1977).

In contrast, *RLI Ins. Co.* overreads *Hamilton* to establish a categorical rule requiring the entry of a litigated excess judgment in all cases. This construction is not consistent with the rationale of *Hamilton*, nor is it consistent with *Issacson*.[2]

Therefore, we conclude that the California Supreme Court would likely adopt the *Fortman* rule that an excess litigated judgment is not a prerequisite to an equitable subrogation action by an excess insurer against a primary insurer when the excess carrier has contributed to the underlying settlement. Under *Fortman*, RSUI has stated a claim upon which relief could be granted, and we must reverse the district court's contrary conclusion.

**REVERSED AND REMANDED.**

---

[2] Our decision in *Mercado v. Allstate Insurance Co.*, 340 F.3d 824, 827 (9th Cir. 2003), a case upon which the district court relied, is not to the contrary. *Mercado* involved a *Hamilton* scenario in which the insured and the claimant entered into a stipulated judgment far in excess of the insurance policy limits; the claimant entered into a covenant not to execute on the judgment; and the insured assigned its claims against the insurer to the claimant. Thus, *Mercado* was squarely controlled by *Hamilton*, and we appropriately applied the *Hamilton* excess judgment rule. *Mercado* did not extend an excess judgment requirement to equitable subrogation cases.

7