
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS MADRIGAL, ANNA TANG, RICHARD TANG, <br><br> Plaintiffs-Appellees / Cross-Appellants, <br><br> v. <br><br> ALLSTATE INDEMNITY CO., <br><br> Defendant-Appellant / Cross-Appellee. | Nos. 16-55839, 16-55863 <br><br> D.C. No. 2:14-CV-04242-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California, Los Angeles
Suzanne H. Segal, Magistrate Judge, Presiding

Argued and submitted March 6, 2017
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and EZRA,[**] District
Judge.

Allstate Indemnity Company ("Allstate") appeals the district court's denial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

of its renewed motion for judgment as a matter of law ("JMOL") and motion for new trial after a jury found Allstate guilty of bad faith refusal to settle under California law and awarded Carlos Madrigal, Richard Tang, and Anna Tang (collectively, "Appellees") approximately $14 million in damages. Appellees also filed a cross-appeal as to the district court's interest rate order. We have jurisdiction under 28 U.S.C. § 1291, and **WE AFFIRM** both of the district court's orders.

**1.** Allstate argues that it was entitled to JMOL on the bad faith claim because – since Madrigal's policy limits demand was premised on, *inter alia*, a requirement that Mr. Tang disclose his assets, and it is undisputed he never did – Allstate cannot be liable for bad faith where it could not accept the demand due to factors "outside its control." While it is true that bad faith liability cannot be imposed if the insurer does not have a reasonable opportunity to settle, there is substantial evidence in the record from which a reasonable jury could conclude that Madrigal's demand presented such an opportunity and that, at the point at which Allstate responded to the demand and technically rejected it, the Tangs' asset disclosure decision was not out of Allstate's control. By its own wording, Allstate's January 29, 2010 response to Madrigal's demand stated that Allstate was still awaiting the Tangs' decision on the asset disclosure condition. Allstate cannot

soundly argue that its rejection of the demand was compelled by a factor that – by Allstate's own implicit concession – was still under advisement by its insureds. Moreover, the record contains contradictory testimony as to whether the Tangs ever made a "decision," much less whether they even communicated that to their insurance adjuster prior to Allstate's January 29 response. We must affirm the district court's denial of renewed JMOL because the evidence does not "permit[ ] *only one* reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2006) (emphasis added).

**2.** Allstate also argues that it is entitled to JMOL because it could not accept Madrigal's demand, which did not expressly release Mrs. Tang, because of its obligation under California law to protect all of its insureds when settling claims. *See, e.g.*, *Coe v. State Farm Mut. Auto Ins. Co.*, 136 Cal. Rptr. 331, 338 (Cal. Ct. App. 1971); *Lehto v. Allstate Ins. Co.*, 36 Cal. Rptr. 2d 814, 820 (Cal. Ct. App. 1994) (citations omitted). A reasonable jury, however, could conclude that Madrigal's demand was reasonable, triggering Allstate's good faith duty to accept it, because the evidence did not permit "*only one*" reasonable conclusion that the phrase "appropriate release" impermissibly offered to only and exclusively release Mr. Tang. *See Wallace*, 479 F.3d at 624 (emphasis added); *see also Samson v.*

*Transamerica Ins. Co.*, 636 P.2d 32, 46 (Cal. 1981) (stating reasonableness of a settlement demand is often a fact question for the jury). A reasonable jury could have concluded that Madrigal's demand (1) was directed to Mr. Tang (the known insured), but (2) incorporated a condition that Allstate provide an "appropriate release" that included other insureds (whether disclosed or not) whom Allstate may have deemed necessary for the resolution of the claim. We must affirm the district court's denial of renewed JMOL because it is *not* "quite clear that the jury [ ] reached a seriously erroneous result" regarding the meaning of "appropriate release" to find Madrigal's demand was reasonable. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004) (internal quotations omitted).

**3.** Allstate argues that it is entitled to JMOL on the bad faith claim because it tendered the $100,000 policy limits twice to settle Madrigal's demand in a reasonably timely fashion. Allstate asserts that the timeliness of its two policy limits offers – one on January 29, 2010 and the other on February 19, 2010 – was reasonable as a matter of law and precludes bad faith liability. Whether an insurer has acted unreasonably, and thus in bad faith, in rejecting a settlement demand is a question of fact for the jury. *Cain v. State Farm Mut. Auto. Ins. Co.*, 121 Cal. Rptr. 200, 205 (Cal. Ct. App. 1975). Moreover, "the ultimate test is whether the insurer's conduct was *unreasonable under all of the circumstances.*" *Barickman v.*

*Mercury Cas. Co.*, 206 Cal. Rptr. 3d 699, 708 (Cal. Ct. App. 2016) (emphasis added) (citation omitted).

Here, the jury had substantial evidence from which it could reasonably find that Allstate's initial January 29 response, a rejection and counter-offer, was unreasonable because, by that date, Allstate's claims adjuster had: (1) found a previously-unidentified witness who contradicted Mr. Tang's version of events and placed responsibility for the accident on Mr. Tang; (2) determined that Mrs. Tang could also be liable under employer-employee liability; (3) received medical bills and information about Madrigal's uninsured status that led the adjuster and her colleagues to believe the Tangs' exposure could be well above the policy limits *and* had advised the Tangs of the same; and (4) declined to discuss or clarify potential compliance issues – even in writing as the demand letter allowed – with Madrigal's attorney.

Thus, it was reasonable for the jury to conclude that – when Allstate responded on January 29 with a rejection (and counter-offer) – Allstate breached the implied covenant of good faith and fair dealing by "unwarrantedly refus[ing] an offered settlement where the *most reasonable manner* of disposing of the claim [was] by accepting the settlement." *Crisci v. Sec. Ins. Co. of New Haven, Conn.*, 426 P.2d 173, 176–77 (Cal. 1967) (emphasis added); *see also Mercado v. Allstate*

*Ins. Co.*, 340 F.3d 824, 827 (9th Cir. 2003) ("[T]he salient question . . . is whether the insurer rejected the settlement in good faith.").  Because the bad faith verdict is "not against the great weight of the evidence," we must affirm the district court's denial of renewed JMOL on these grounds, as well.  *Hangarter*, 373 F.3d at 1005.

**4.** Allstate argues that it is entitled to a new trial because the district court prejudicially omitted causation from the special verdict form.  So long as the questions on the special verdict form are "adequate to obtain a jury determination of all the factual issues essential to judgment," the trial judge has complete discretion as to its form and content.  *Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir. 1999) (citing *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1475 (9th Cir. 1995)).  Here, the special verdict form specifically asked: (1) whether Madrigal made a reasonable settlement demand for an amount within policy limits; and (2) whether Allstate's failure to accept Madrigal's settlement demand was unreasonable.  As discussed above, these are the elements of bad faith refusal to settle liability under California law.  Accordingly, the special verdict form presented to the jury – which was labeled and identified as such by the parties and the district court, *see Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991) (holding interrogatories submitted to a jury were a special verdict because they were declared as such by the trial court) – coupled with the jury instructions, "fully and

fairly presented to the jury the issues it was called upon to decide" regarding

Allstate's bad faith liability. *Mateyko v. Felix*, 924 F.2d 824, 827 (9th Cir. 1990).

The district court did not abuse its discretion in denying Allstate's motion for a

new trial on this ground.

**5.** In addition, Allstate asserts that it is entitled to a new trial because the

district court prejudicially failed to instruct the jury that Madrigal's demand could

not legally be "reasonable" unless it offered to release Mrs. Tang as well. Allstate

takes issue with the district court's instruction of the second element of reasonable

settlement demands – that the demand "must include a proper release under the

circumstances" – arguing that this was a "nebulous instruction" that did not

accurately state California law. To the contrary, the jury instructions given by the

district court fairly and adequately covered the issues presented at trial and

correctly stated California law on the elements of bad faith refusal to settle. *See*

*Oviatt v. Pearce*, 954 F.2d 1470, 1481 (9th Cir. 1992). Thus, we find that the

district court did not abuse its discretion in denying Allstate's new trial motion on

these instructional grounds either.

**6.** On cross-appeal, Appellees contest the district court's order determining

the applicable prejudgment interest on the underlying state court judgment and the

applicable postjudgment interest on the federal bad faith judgment. Because the

district court's award of postjudgment interest turned on its interpretation of 28 U.S.C. § 1961, we review the district court's order *de novo*. *Am. Tel. & Tel. Co. v. United Comput. Sys. Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996).

Appellees are correct that prejudgment interest on an underlying state court judgment is an element of damages in a bad faith refusal to settle action. *See Consol. Am. Ins. Co. v. Mike Soper Marine Servs.*, 951 F.2d 186, 191 (9th Cir. 1991) (affirming a damages award consisting of a stipulated underlying judgment plus accrued state law interest in a duty to defend and bad faith refusal to settle case); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) (generally stating that prejudgment interest is an element of plaintiff's complete compensation). However, in keeping with the compensatory nature of this interest, once judgment is entered in the federal case, the prejudgment interest on the underlying state court judgment ceases to accrue. *See Schneider v. Cty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) (stating that prejudgment interest serves to compensate for the loss of use of money due as damages "from the time the claim accrues *until judgment is entered*" (quoting *West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987)) (emphasis added)). Once judgment is entered, the entire judgment, including interest on the underlying state court judgment, is subject to mandatory federal postjudgment interest governed by 28 U.S.C. § 1961. *Air Separation Inc. v.*

*Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). Under Section 1961, postjudgment interest accrues at a single rate from the date judgment is entered for the duration of the accrual period. *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1005 (9th Cir. 2005) ("The U.S. post-judgment interest rate should apply as of the date of the entry of the judgment in the U.S. district court.").

Therefore, we find that the district court properly determined that Madrigal was entitled to: (1) prejudgment interest under California law on the stipulated judgment from the date of the state court judgment to the date of the federal judgment; and (2) federal postjudgment interest under Section 1961 on the entire federal judgment from the date of the federal judgment until it is satisfied. The motions for leave to file amicus curiae briefs filed on September 8, 2016, are granted.

**AFFIRMED.**