NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO INFANZON,

          Plaintiff-Appellant,

SUZANNE E. RAND-LEWIS, Attorney for plaintiff,

          Appellant,

 v.

ALLSTATE INSURANCE COMPANY; ALLSTATE NORTHBROOK INDEMNITY COMPANY,

          Defendants-Appellees,

 and

LETICIA POMES; POMES INSURANCE SERVICES, INC.; DOES, 1 through 10,

          Defendants.

No.    22-56070

D.C. No.
2:19-cv-06483-JAK-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 19, 2024
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Fernando Infanzon appeals the district court's grant of summary judgment in favor of Allstate Insurance Company and Allstate Northbrook Indemnity Company ("Allstate") on his state law claim against Allstate for breach of the implied covenant of good faith and fair dealing. Infanzon also appeals the district court's order affirming a magistrate judge's award of monetary sanctions against his counsel, Suzanne E. Rand-Lewis. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly determined that it had removal jurisdiction over Infanzon's state law action based on diversity of citizenship. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action based on diversity of citizenship if the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Infanzon argues that neither requirement was met, and therefore, the district court lacked subject matter jurisdiction over his complaint.

The district court correctly found that Leticia Pomes, the Allstate Insurance Sales Agent who was named as a codefendant in Infanzon's state court complaint, was fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining

2

diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Under California law, an insurance agent acting in the name of a disclosed principal is not personally liable for acts committed within the scope of his or her employment, *Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966), "unless an agent or employee acts as a dual agent[.]" *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). Here, there is no dispute that Pomes acted on behalf of Allstate, her disclosed principal; that she always held herself out as Allstate's agent to Infanzon and to others; and that she acted within the scope of her employment. Therefore, because Pomes acted as Allstate's exclusive agent, Infanzon has no cognizable claim against her under California law, and complete diversity exists.

And the amount placed in controversy by Infanzon's state court complaint exceeded $75,000. "For removal purposes, the amount of damages sought in the complaint controls." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689 n.6 (9th Cir. 2007). Here, Infanzon's complaint sought up to $1,000,000 for each of nine categories of relief, totaling $9,000,000, thereby satisfying § 1332(a)'s requirement. Infanzon argues that the amount sought in his complaint is not dispositive because "it was a legal certainty that Infanzon's bad faith claim did not have a value of between $1,000,000 and $9,000,000." However, we cannot say to

3

a legal certainty that Infanzon's complaint falls short of § 1332(a)'s requirement because no contract term limits Infanzon's possible recovery; no specific rule or law limits the amount of damages recoverable; and no independent fact shows that Infanzon's alleged damages were claimed merely to obtain federal court jurisdiction. *See Naffe v. Frey*, 789 F.3d 1030, 1039–40 (9th Cir. 2015).

2. The district court properly granted summary judgment to Allstate because the undisputed evidence demonstrates that Allstate did not unreasonably withhold a payment due to Infanzon. To establish a claim that an insurer breached the covenant of good faith and fair dealing, Infanzon must prove that

> (1) the insured suffer[ed] loss covered under an insurance policy; (2) the insurer was notified of the loss; (3) the insurer unreasonably fail[ed] or delay[ed] payment of the policy benefit; (4) the insured [was] harmed; and (5) the insurer's failure or delay [was] a substantial factor in causing the insured's harm.

*Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co.*, 851 F.3d 976, 988 n.4 (9th Cir. 2017) (internal quotation marks and citation omitted).

Infanzon's claim fails for three independent reasons. First, Infanzon failed to complete the Medical and Wage authorization form, or the Notice of Claim form, as required by California law and his insurance policy, *see* Cal. Ins. Code, § 11580.2(o), and thus, no payment was due to him. *Globe Indem. Co. v. Superior Ct.*, 6 Cal. App. 4th 725, 731 (1992) ("There can be no 'unreasonable delay' until the insurer receives adequate information to process the claim and reach an

4

agreement with the insureds."). Second, even if Infanzon could prove that Allstate withheld a payment due to him, the nonpayment was not unreasonable because there was a genuine dispute as to the amount owed to Infanzon under Allstate's policy.[1] *See Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994) ("Because American investigated the insureds' claim and based its refusal to defend on that information and a reasonable construction of the policy, American did not act in bad faith."). Third, Infanzon provided no evidence that he suffered any harm on account of Allstate's alleged improper nonpayment except for his counsel's conclusory declaration, which is insufficient to create a triable issue of fact as to this element of his claim. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.") (citation omitted).

3. The district court did not abuse its discretion by affirming a magistrate judge's sanctions order finding Rand-Lewis responsible for the $38,932 in reasonable attorneys' fees Allstate incurred as a result of her discovery abuses. If a

---

[1] When Infanzon first initiated his claim, Allstate concluded that it had a potential settlement range of $6,000 to $7,500. However, Infanzon repeatedly increased the amount he alleged in lost earnings and medical expenses, and he continued to submit new documentation to substantiate his alleged damages. Each time Infanzon submitted a higher claim and new evidence, Allstate evaluated that evidence to substantiate Infanzon's increased claim, but did not agree to an amount owed to Infanzon under the policy. Allstate agreed to resolve all open questions in Infanzon's favor and settle his claim for $50,000 only after Infanzon increased his alleged damages to $98,720.59, and the parties settled shortly thereafter.

party's officer "fails to obey an order to provide or permit discovery . . . the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. Pro. 37(b)(2)(A), (b)(2)(C). The record demonstrates that Rand-Lewis flouted federal rules of discovery, failed to cooperate in good faith with opposing counsel, and disregarded the magistrate judge's three discovery orders. Infanzon argues that Rand-Lewis's actions were substantially justified because Allstate's interrogatories and requests for production were improperly formatted. Even if that were the case, Rand-Lewis was not free to ignore other properly propounded discovery requests, especially when ordered to do so by the magistrate judge. *See* Fed. R. Civ. P. 26(d)(3), (e)(1)(B). Under these circumstances, the district court did not abuse its discretion by affirming the sanctions award against Rand-Lewis.[2] *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786–87 (9th Cir. 2011) (affirming sanctions because the defendants violated the court's orders).

**AFFIRMED.**

---

[2] Because Infanzon did not provide sufficient evidence to establish that the sanctions amount was excessive or improperly punitive, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008), we do not disturb the judgment of the district court which was "in the best position to determine in the first instance the number of hours reasonably expended." *Kim v. Fujikawa*, 871 F.2d 1427, 1435 (9th Cir. 1989) (internal quotation marks and citation omitted).