# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHARLES H. GARDNER,
            *Plaintiff-Appellee,*

v.

UICI, a Texas corporation;
NATIONAL ASSOCIATION FOR THE
SELF EMPLOYED, a Texas
corporation; PFL LIFE INSURANCE
COMPANY, an Iowa corporation;
TRANSAMERICA LIFE INSURANCE
COMPANY, an Iowa corporation;
STEVEN ALAN HEYMAN,
            *Defendants,*

            and

MEGA LIFE AND HEALTH
INSURANCE COMPANY, an Oklahoma
corporation,
            *Defendant-Appellant.*

No. 06-55045

D.C. No.
CV-05-07735-FMC

OPINION

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted
June 5, 2007—Pasadena, California

Filed November 19, 2007

Before: Stephen S. Trott, A. Wallace Tashima, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Rawlinson

15025

## COUNSEL

Andre J. Cronthall (briefed and argued), Fred R. Puglisa (briefed), Catherine La Tempa (briefed), Sheppard, Mullin, Richter & Hampton LLP, Los Angeles, California, for the defendant-appellant.

A. Douglas Mastroianni, Peter L. Weinberger & Associates, Los Angeles, California, for the plaintiff-appellee.

## OPINION

RAWLINSON, Circuit Judge:

The district court awarded fees and costs to Appellee Charles H. Gardner (Gardner) upon remanding this case to the state court from which it was removed. Because we conclude that the Mega Life And Health Insurance Company (MEGA) had an objectively reasonable basis for removal, we reverse the district court's award of fees and costs.

## I.   FACTS AND PROCEDURAL HISTORY

In 1994, Gardner purchased health insurance from PFL Life Insurance Company. More than ten years later, in 2005, Gardner canceled his insurance policy and filed an action in

the Superior Court of the State of California against MEGA, UICI, Transamerica Life Insurance Company (Transamerica),[1] the National Association for the Self-Employed (the NASE), and Steven Alan Heyman (Heyman) (collectively "Defendants") for violations of the Consumer Legal Remedies Act, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, breach of fiduciary duty, negligence, and unfair competition based on the sale of the health insurance coverage. MEGA removed the case to district court on diversity grounds, asserting that Heyman, the only non-diverse defendant, was fraudulently joined to destroy diversity. In support of its notice of removal, MEGA argued that "[a]ll of the claims [Gardner] attempted to assert against . . . Heyman [were] barred by the applicable statutes of limitations."

Gardner subsequently moved to remand the case to state court, asserting that because he alleged a conspiracy "to misrepresent the nature of the [insurance] coverage offered to [him]," the statute of limitations did not begin to run until 2005, when the "last overt act" in furtherance of the conspiracy occurred. Gardner also moved for attorney's fees under 28 U.S.C. § 1447(c).[2]

The district court rejected MEGA's assertion of diversity jurisdiction and remanded the case to state court, holding that because a California court "could" conclude that the conspiracy claim alleged against Heyman was not time-barred, Heyman was not fraudulently joined. The district court also granted Gardner's motion for an award of fees and costs, finding that "[a]ny objective consideration of the allegations in

---

[1]According to the First Amended Complaint (FAC), "PFL Life Insurance Company was merged out of existence and became Transamerica Life Insurance Company, or . . . merely changed its name to Transamerica Life Insuance Company[.]"

[2]Gardner's reference in his motion to 28 U.S.C. § 1446(c) was apparently a typographical error.

the Complaint, state law regarding civil conspiracy, and the legal standard regarding fraudulent joinder should have led Defendants to the inescapable conclusion that removal was not proper." This timely appeal followed.

## II. DISCUSSION

Although 28 U.S.C. § 1447(d) generally bars review of a district court order remanding a case to state court, *see Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 937 (9th Cir. 2006), we have jurisdiction to review the district court's award of fees and costs incurred as a result of removing the case. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). In addressing whether the district court abused its discretion in awarding fees to Gardner under 28 U.S.C. § 1447(c), we consider whether the district court's decision was "based on clearly erroneous findings of fact or erroneous determinations of law." *Patel*, 446 F.3d at 999 (citation omitted).

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citation omitted). Where, as is alleged by MEGA, "[a] plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and removal is proper. *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (citation omitted).[3] However, if removal is found to be improper, a court that remands a case to state court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c), *see also Patel*, 446 F.3d at 999.

---

[3]"In deciding whether a cause of action is stated . . . we will look only to a plaintiff's pleadings to determine removability." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citation and internal quotation marks omitted).

**[1]** "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141 (citations omitted). In *Martin*, the Supreme Court noted that § 1447(c) did not indicate that fees "should either usually be granted or usually be denied." *Martin*, 546 U.S. at 139. Recognizing "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied[,]" *id.* at 140, the Supreme Court held that absent unusual circumstances, fees should not be awarded when the removing party has an objectively reasonable basis for removal. *See id.* at 141. In so holding, the Supreme Court explained that while courts retain discretion to determine whether such unusual circumstances exist as to depart from this rule, "[a court's] reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447." *Id.* (citations and internal quotation marks omitted).

MEGA argues that Gardner failed to state a claim against Heyman and therefore, an objectively reasonable basis for seeking removal existed because: (1) the First Amended Complaint (FAC) failed to allege that the statute of limitations applicable to the alleged conspiracy claim was tolled or subject to the last overt act doctrine; (2) the alleged conspiracy claim fails as a matter of law under the theory that an agent cannot conspire with his/her principal; and (3) on remand from federal court, the state court sustained its demurrer.

**[2]** Gardner's FAC alleged that contrary to Heyman's representations, his insurance premiums increased every year. In turn, Gardner argues that, at a minimum, the last act in furtherance of Defendants' conspiracy to collect insurance payments from him occurred in 2004, a year before he filed his complaint, and well within the limitations period, when Hey-

man made additional misrepresentations regarding Gardner's insurance premiums. *See Aaroe v. First American Title Ins. Co.*, 222 Cal.App.3d 124, 128 (1990) (providing for a three-year limitations period for a civil conspiracy); *see also People v. Beaumont Inv., Ltd.*, 111 Cal.App.4th 102, 137 (2003) ("[T]he statute of limitations does not begin to run until the final act in furtherance of the conspiracy has been committed.") (citation omitted). Because Gardner's allegations against Heyman pertain to actions taken in Heyman's capacity as an agent of the NASE and MEGA, they would generally be barred as a matter of law under California's "agent's immunity rule." *See Berg & Berg Enters, LLC v. Sherwood Partners, Inc.*, 131 Cal.App.4th 802, 817 (2005).[4] However, California courts recognize that in some cases, "[a] cause of action for conspiracy will lie against agents and employees of insurers even though the former are not parties to the agreement of insurance when they join the insurer in a conspiracy to defraud the insured" as Gardner alleges. *Younan v. Equifax Inc.*, 111 Cal. App.3d 498, 511 (1980). Accordingly, a California court could conclude that Gardner's action against Heyman was neither time-barred, *see Aaroe*, 222 Cal.App.3d at 128, nor precluded under the "agent's immunity rule,"*see Younan*, 111 Cal.App.3d at 511, rendering diversity jurisdiction and removal to federal court unavailable. *Cf. Mercado*, 340 F.3d at 826.

[3] Under *Martin*, however, whether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c). *See Martin*, 546 U.S. at 137. Rather, "the standard for awarding fees . . . turn[s] on the reasonableness of the removal." *Id.* at 141. Consequently, the relevant inquiry is whether MEGA "lacked an objectively reasonable basis for seeking removal." *Id*. We agree with the dis-

---

[4]Under the "agent's immunity rule . . . an agent is not liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal." *Berg & Berg Enters, LLC*, 131 Cal.App.4th at 817 (citations and internal quotation marks omitted).

trict court that a California court *could* find that the FAC alleged a claim against Heyman. However, we also recognize the existence of California cases that could potentially preclude Gardner's claim against Heyman in his capacity as an agent of the NASE and MEGA. *See, e.g.*, *Berg & Berg Enters, LLC*, 131 Cal.App.4th at 817. The result is a close question regarding whether Gardner's failure to state a conspiracy claim against Heyman was "obvious according to the settled rules of [California.]" *Mercado*, 340 F.3d at 826 (citation omitted). Under these circumstances, we hold that a reasonable litigant in MEGA's position could have concluded that federal court was the proper forum in which to litigate Gardner's claims because the FAC failed to state a claim against Heyman, the only resident defendant. *Cf. Mercado*, 340 F.3d at 826; *see also Martin*, 546 U.S. at 140 ("[T]here is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases."). Indeed, the record reflects that, on remand, the state court judge concluded that MEGA's arguments in support of its demurrer were "well-taken," further buttressing our determination that MEGA's basis for removal was not "objectively unreasonable" under *Martin*.[5]

## III.   CONCLUSION

MEGA had an objectively reasonable basis for removal to federal court. *See Martin*, 546 U.S. at 141. Additionally, there is nothing in the record to suggest that there are "unusual circumstances" that justify departing from *Martin*'s general rule that "when an objectively reasonable basis [for removal] exists, fees should be denied." *Id.* (citations omitted). Accordingly, the district court abused its discretion in awarding fees

---

[5]Under California practice, a general demurrer to a complaint is the equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b) in federal practice. *See* Cal. Civ. Proc. Code §§ 430.10, 430.30; *see generally* 5 Witkin, Cal. Procedure, *Pleading* § 905 (4th ed. 1997).

and costs to Gardner under 28 U.S.C. § 1447(c).

**REVERSED AND REMANDED.**