**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT P. SMITH, III, | No. 11-15439 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02088-OWW-SKO |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Robert P. Smith, III, a California state prisoner, appeals pro se from the

district court's order denying his motion for sanctions and costs based on the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

allegedly defective removal of his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 949-50 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by denying Smith's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure because it properly concluded that the California Department of Rehabilitation and Corrections ("CDCR") did not remove the case or oppose remand for an improper purpose, and the CDCR's filings were not clearly frivolous. *See Holgate v. Baldwin*, 425 F.3d 671, 675-77 (9th Cir. 2005) (identifying bases for awarding Rule 11 sanctions and explaining that a frivolous filing is both baseless and made without a reasonable and competent inquiry).

The district court did not abuse its discretion by denying Smith's motion for costs under 28 U.S.C. § 1447(c) because the CDCR had "an objectively reasonable basis for removal." *Gardner v. UICI*, 508 F.3d 559, 560-61 (9th Cir. 2007) (discussing the circumstances under which an award of attorney's fees and costs may be awarded under 28 U.S.C. § 1447(c)).

The district court did not abuse its discretion by denying Smith's motion for reconsideration because Smith failed to establish a basis warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5

F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration). Nor did the district court abuse its discretion by denying Smith's motion to supplement his motion for reconsideration with newly discovered evidence. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (a district court's decision concerning its management of litigation is reviewed for an abuse of discretion).

Smith's request for costs, set forth in his opening and reply briefs, is denied.

The CDCR's motion for judicial notice, filed on October 31, 2011, is denied.

Smith's request for an order directing prison officials to comply with 28 U.S.C. § 1915(b)(2), filed on October 19, 2012, is denied.

**AFFIRMED.**

11-15439