**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD REYES, as an individual and on behalf of all others similarly situated, *Plaintiff-Appellee*, v. DOLLAR TREE STORES, INC., a corporation, *Defendant-Appellant*. | No. 15-55176 D.C. No. 2:14-cv-04581-R-VBK OPINION |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
March 5, 2015—Pasadena, California

Filed April 1, 2015

Before: Stephen Reinhardt, N. Randy Smith,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz

# SUMMARY[*]

## Class Action Fairness Act / Jurisdiction / Removal

The panel reversed the district court's order remanding the case to state court, and remanded with instructions for the district court to exercise federal jurisdiction under the Class Action Fairness Act.

Defendant Dollar Tree Stores removed the case from state to federal court in 2012 invoking jurisdiction under CAFA, and the district court granted plaintiff Richard Reyes' request to remand back to state court because the CAFA $5 million amount-in-controversy requirement was not satisfied. In May 2014, a California superior court certified a broader class and the amount-in-controversy for the class actually certified exceeded $5 million. Dollar Tree again removed to federal court, and the district court found removal untimely because the order was based on the same complaint that was the subject of the first removal.

The panel held that the state court's class certification order created a new occasion for removal, and the second removal was permissible. The panel also held that the second removal was timely because Dollar Tree removed within thirty days of the class certification order. The panel concluded that because the jurisdictional requirements of CAFA were met, the district court had subject matter jurisdiction.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Dominic J. Messiha (argued), Littler Mendelson, Los Angeles, California; Lindbergh Porter, Tarun Mehta, Jeffrey Mann, Littler Mendelson, San Francisco, California, for Defendants-Appellants.

Kenneth H. Yoon (argued), Stephanie E. Yasuda, Law Offices of Kenneth Y. Yoon, Los Angeles, California; Peter M. Hart, Travis Hodgkins, Law Offices of Peter M. Hart, Los Angeles, California, for Plaintiff-Appellee.

**OPINION**

HURWITZ, Circuit Judge:

Defendant Dollar Tree Stores, Inc. removed this case to federal court in 2012, invoking jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d), 1453, 1711–1715. Plaintiff Richard Reyes moved to remand, representing that the amended complaint defined the proposed class narrowly and that the CAFA $5,000,000 amount-in-controversy requirement was therefore unsatisfied. The district court agreed and remanded.

In May 2014, a California superior court certified a broader class than the one described by Reyes during the first removal. It is uncontested that the amount in controversy for the class actually certified exceeds $5,000,000. Dollar Tree again removed after the superior court entered the class certification order, but the district court found removal untimely because the order was based on the same complaint that was the subject of the first removal.

The issue before us is whether the class certification order created a new occasion for removal. We conclude that it did and remand to the district court to exercise jurisdiction under CAFA.

**I.**

Reyes filed this action in California state court in July 2012, alleging that Dollar Tree violated California Labor Code § 226.7 by denying proper rest breaks to its employees. Reyes filed an amended complaint in December 2012, asserting a second cause of action for unlawful business conduct in violation of California Business and Professions Code § 17200.

Paragraph fourteen of the amended complaint sought certification of a class of

> all current and former non-exempt employees of [Dollar Tree] who worked as assistant managers in California who worked one or more work periods in excess of three and one-half (3.5) hours without receiving a paid ten (10) minute break during which they were relieved of all duties, from and after July 13, 2008.

The amended complaint alleged that the "amount in controversy is less than $5,000,000.00 in the aggregate for the putative Class."

In December 2012, Dollar Tree removed the action to the United States District Court for the Central District of California, asserting CAFA jurisdiction. In support of the

removal, Dollar Tree noted that the amended complaint alleged that plaintiffs "regularly" missed their breaks, and "conservatively interpret[ed] 'regularly' to mean a rest period was not 'authorized or permitted' in 65% of shifts that were sufficiently long to trigger an obligation to authorize or permit rest periods." This assumption placed the amount in controversy at $5,525,950.

Reyes moved to remand, arguing that the assumed 65% violation rate was inaccurate. Reyes argued that Dollar Tree had misread the amended complaint: "Defendant goes beyond Plaintiff's allegations to establish the amount in controversy by including claims that Plaintiff has not included in his [amended complaint]—namely, Plaintiff has limited his allegations to shifts where 'Class Members at times worked without another manager at the same time.'" In support of this position, Reyes cited paragraph twenty-eight of the amended complaint, which alleges:

> As a pattern and practice, Defendants regularly required employees to work through their rest breaks without proper compensation in that Class Members at times worked without another manager at the same time, and per Defendant policy and practice, were not authorized and permitted to take fully compliant 10-minute rest breaks.

Reyes claimed that only one-third of shifts were worked alone, and that the amount in controversy was therefore only $2,866,772. The district court agreed, finding that the amended complaint limited the putative class to employees who worked alone, and that the amount in controversy therefore did not reach the $5,000,000 CAFA threshold.

After remand, Reyes moved, consistent with his position in the district court, for certification of a class of

> all current and former non-exempt employees of Defendants who worked as Assistant Store Managers in California who worked without another Assistant Store Manager on the clock according to Defendant's time records and without another Store Manager scheduled to work according to Defendant's schedule records, and who worked one or more work periods in excess of three and one-half (3.5) hours.

Before oral argument on the motion, however, the superior court issued a tentative ruling concluding that a class of assistant managers who worked alone would not be ascertainable. Noting that California law permitted the court to depart from the plaintiff's proposed definition and redefine the class, the tentative ruling instead proposed certifying a class consisting of all assistant managers who did not receive proper breaks, regardless of whether they worked alone. At the class certification hearing, Dollar Tree argued that the amended complaint had previously been construed by the district court—at Reyes's urging—to limit the class to plaintiffs who worked alone, and noted that it was now "faced with a class definition that's really new." On May 15, 2014, the superior court nonetheless certified the class described in the tentative ruling.

Dollar Tree filed a notice of removal on June 13, 2014, arguing that the expanded class certified by the superior court placed at least $5,000,000 in controversy. In granting Reyes's motion to remand, the district court held that the

second removal was untimely because it was based on the same class definition—found in paragraph fourteen of the amended complaint—that had been the subject of the first removal.

The district court's order granting the second remand motion is the subject of this appeal. We have appellate jurisdiction under 28 U.S.C. § 1453(c), and review the remand order de novo. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015).

## II.

A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Dollar Tree asserted federal jurisdiction under CAFA, which vests district courts with jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," the proposed class consists of more than 100 members, and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). It is undisputed that the class actually certified by the superior court satisfies these statutory requirements. Reyes argues that the removal violated the prohibition against successive removals and was untimely.

## A.

A successive removal petition is permitted only upon a "relevant change of circumstances"—that is, "when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d

729, 732 (9th Cir. 1991). We have recognized such changes in circumstances, for example, when an intervening change of law gives rise to a new basis for subject-matter jurisdiction. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *Kirkbride*, 933 F.2d at 732. Successive petitions are also permitted when the pleadings are amended to create federal subject-matter jurisdiction for the first time. *See O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974) (collecting authorities).

On the first remand motion, the district court construed the amended complaint to cover only rest breaks during shifts in which a class member worked alone and found that it therefore did not meet the CAFA amount-in-controversy threshold. In contrast, the superior court certified a class of employees who worked shifts without proper rest breaks, regardless of whether they worked alone. In doing so, the state court expressly acknowledged that it had diverged from the narrower definition of the class that the district court settled upon, and for which the plaintiff sought certification after remand. The superior court's class certification order thus altered the circumstances bearing on jurisdiction by expanding the amount in controversy.

For removal purposes, the certification order is functionally indistinguishable from an order permitting the amendment of pleadings to alter the class definition, creating CAFA jurisdiction for the first time. When pleadings are amended so as to establish federal jurisdiction where none existed before, a successive removal petition is plainly proper. *See O'Bryan*, 496 F.2d at 409. No different conclusion is warranted simply because the result was obtained through a class certification order, rather than an order permitting amendment of the complaint.

Reyes argues that the class certification order did not create a "new and different ground for removal" because the proposed class definition in the amended complaint never changed. Of course, defendants are not entitled to more than one bite at the apple, but the superior court's certification order substituted a new apple. In its first remand order, the district court accepted Reyes's narrow construction of the amended complaint. When the superior court later certified a broader class, it increased the amount in controversy, effectively amending the complaint. *See Rea*, 742 F.3d at 1238 (finding that a Supreme Court decision invalidating the damages waiver in the complaint created a new ground for removal, despite a prior removal attempt on the basis of the same complaint); *Kirkbride*, 933 F.2d at 731–32 (permitting a successive removal because intervening legislation established jurisdiction over a complaint that was previously held not removable). Because the first remand was on "grounds that subsequently became incorrect," the successive removal was permissible. *Rea*, 742 F.3d at 1238.

## B.

Our second conclusion—that removal was timely— follows logically from the first. The removal statute provides for two thirty-day windows during which a case can be removed: (1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives "an amended pleading, motion, *order* or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). The district court found that the time to remove was conclusively triggered when the amended complaint was first

filed.    But this ignored the significance of the class certification order, which created a new amount in controversy not presented in the amended complaint as construed by the district court on the first remand motion. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (noting that the time begins to run upon occurrence of an event "that discloses that the case is or has become removable").   Because Dollar Tree removed within thirty days of the class certification order, the removal was timely. *See Rea*, 742 F.3d at 1237–38; *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013).

We are unpersuaded by Reyes's claim that the removal was rendered untimely by either the superior court's tentative ruling on the class certification motion or Reyes's reply brief in support of class certification.  The tentative ruling had no jurisdictional effect precisely because it was tentative.  *See Sullivan*, 157 F.3d at 1094 (declining to start the clock before a motion to amend was granted because, "[u]ntil the state judge granted the motion to amend, there was no basis for removal").  And although a footnote in the reply brief, taken out of context, might be read to signal Reyes's belief that the jurisdictional amount is satisfied,[1] it appears near the end of a brief that repeatedly argues for certification of precisely the narrow class that had already been determined not to satisfy the jurisdictional threshold.  The footnote did not provide a sufficient basis for ascertaining removability. *See Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136, 1141 (9th Cir.

---

[1] The footnote states that "Plaintiff believes that . . . 969,000 shifts would be eligible for a rest break premium."  If almost one million shifts were eligible for an additional hour of wages, the amount in controversy would be substantially greater than $5,000,000.

2013); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010).

### III.

Because Dollar Tree offers an "unchallenged, plausible assertion" that the jurisdictional requirements of CAFA are met, the district court has subject-matter jurisdiction. *Ibarra*, 775 F.3d at 1197–98; *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).  We therefore **REVERSE** the district court's order remanding this case to state court, and **REMAND** with instructions for the district court to exercise jurisdiction.