**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES G. KINNEY, | No. 16-55343 |
| Plaintiff-counter-claimant-Appellant, | D.C. No. 2:15-cv-08910-PSG-JC |
| v. | MEMORANDUM* |
| CAROLYN COOPER, | |
| Defendant, | |
| and | |
| MICHELE R. CLARK; et al., | |
| Counter-defendants-Appellees. | |

| | |
|---|---|
| CHARLES G. KINNEY, | No. 16-55347 |
| Plaintiff-counter-claimant-Appellant, | D.C. No. 2:15-cv-09022-PSG-JC |
| v. | |
| CAROLYN COOPER, | |
| Defendant, | |

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

MICHELE R. CLARK; et al.,

        Counter-defendants-
        Appellees.

Appeals from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

In these consolidated appeals, Charles G. Kinney appeals pro se from the district court's orders in two cases that Kinney removed from state court. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's order declaring Kinney a vexatious litigant and imposing a pre-filing review order. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by declaring Kinney a vexatious litigant and imposing a pre-filing review order. *See id.* & n.2 (setting forth standard of review and factors district court must consider before issuing a

---

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Kinney's request for oral argument, set forth in the opening brief, is denied.

pre-filing review order, and rejecting contention that "filing a notice of appeal divested the district court of jurisdiction to issue the vexatious litigant order").

The district court did not abuse its discretion by striking Kinney's first amended counterclaims and third-party complaints, his motions to withdraw the bankruptcy reference, and his amended notice of removal. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (setting forth standard of review).

The district court did not abuse its discretion by awarding attorney's fees to appellees because Kinney lacked an objectively reasonable basis for seeking removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *Gardner v. UICI*, 508 F.3d 559, 560-61 (9th Cir. 2007) (setting forth standard of review).

We lack jurisdiction to review the district court's orders remanding these cases to state court, and denying Kinney's motions to vacate. *See* 28 U.S.C. §§ 1447(d), 1452(b); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-29 (1995) (concluding that 28 U.S.C. §§ 1447(d) and 1452(b) bar appellate review of certain remand orders).

In his opening brief, Kinney fails to address how the district court abused its discretion by awarding sanctions, and has therefore waived his challenge to the sanctions award. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

The district court did not abuse its discretion by denying Kinney's motion to recuse Judge Gutierrez. *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (setting forth standard of review).

We reject as meritless Kinney's contentions that the district court erred by transferring Kinney's cases from the Southern Division of the United States District Court for the Central District of California to the Western Division of that court, transferring Kinney's cases to the docket of Judge Gutierrez, and failing to rule on Kinney's motions to withdraw the bankruptcy reference.

We reject as unsupported by the record Kinney's contention that Judge Gutierrez was biased and should have recused himself.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' request that the court entertain awarding damages and double costs against Kinney under Federal Rule of Appellate Procedure 38 is denied.

16-55343

All pending requests for judicial notice are granted.

**AFFIRMED.**