**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STAN SCHIFF, M.D., Ph. D.,  on behalf of himself and a class of similarly situated providers,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>          Defendants-Appellants. | No.    18-35116<br><br>D.C. No. 2:17-cv-00914-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted July 12, 2019
Seattle, Washington

Before:  BOGGS,[**] BERZON, and WATFORD, Circuit Judges.

Appellants Liberty Mutual Fire Insurance Company and Liberty Mutual

Insurance Company (Liberty), appeal from the district court's award of attorney's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

fees to Appellee Stan Schiff (Schiff), pursuant to 28 U.S.C. § 1447(c). Section 1447(c) permits a district court that remands a case from federal court for lack of subject-matter jurisdiction to award attorney's fees incurred as a result of the removal. For the reasons set forth below, we reverse the district court's award.

The parties are familiar with the facts, and we have set out most of the "long and tortured procedural history" in *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1135–36 (9th Cir. 2017). There is no need to repeat it here. It is sufficient to understand that Liberty removed Schiff's state-court complaint to federal court, and the district court granted Schiff's motion to remand because it concluded that federal jurisdiction did not exist. *See Schiff v. Liberty Mut. Fire Ins. Co.*, No. C17-914 MJP 2017 WL 4838094, at *3 (W.D. Wash. Oct. 26, 2017). It awarded Schiff "reasonable costs and fees" associated with the removal. *Ibid.* In a separate order, the district court explained that, because "[t]his is the third time that this case has been removed from state court and remanded back," it found "'unusual circumstances' in the pattern of unsuccessful removals (and sanctions entered thereupon) . . . ." The district court did not conclude that Liberty's arguments in favor of removal were "objectively unreasonable."

We have jurisdiction under 28 U.S.C. § 1291 and review an award of attorney's fees under 28 U.S.C. § 1447(c) for an abuse of discretion. We will overturn the award "if it is based on clearly erroneous findings of fact, or an

2

erroneous determination of law." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015).

"[A]bsent unusual circumstances, attorney's fees should not be awarded [under 28 U.S.C. § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The purpose of such an award is "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. We adhere to this purpose when assessing whether "unusual circumstances" justify an award under 28 U.S.C. § 1447(c). *See Gardner v. UICI*, 508 F.3d 559, 561–63 (9th Cir. 2007). Circumstances that are external to the case before the court do not justify a fee award under 28 U.S.C. § 1447(c).

The district court was incorrect that the case before it had been removed twice before. Its award was based on removals in two other cases: *Chan*, and *Kerbs v. Safeco Ins. Co. of Ill., Inc.*, No. C11-1642 MJP, 2011 WL 6012497 (W.D. Wash. Dec. 1, 2011). But the record does not support the district court's finding that there is a "pattern and practice" of improper removals of identical state-court class actions sufficient to justify a fee award under the "unusual circumstances" portion of the *Martin* test.

3

In *Kerbs*, the district court awarded fees under 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 11 because it concluded that Safeco removed the case "on the eve of trial after a series of adverse rulings" to "caus[e] delay that unnecessarily increased the costs of litigation." 2011 WL 6012497, at *5. But *Liberty* was not a party in *Kerbs*. *See id.* at *1. Other than the facts that Safeco is a subsidiary of Liberty, and they were both represented by the same attorney in both sets of proceedings, Schiff has not offered a *legal* reason why we should impute Safeco's conduct in *Kerbs* to Liberty in this case. Imposing a sanction on *Liberty* for a potentially improper removal by *Safeco* on different grounds in a different case *seven years earlier* would not deter improper removals and is inconsistent with the objectives undergirding 28 U.S.C. § 1447(c). *See Martin*, 546 U.S. at 140–41.

In *Chan*, this court reversed the fee award the district court imposed on Liberty. 844 F.3d at 1142. Although the remand order in that case stands, it does so *only* because we lacked jurisdiction over the question of whether Chan's remand motion was properly granted. *Id.* at 1140–41. On remand, the district court held that Liberty's arguments in favor of federal-court jurisdiction were not objectively unreasonable. *See Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, No. C15-1705 RSM, 2018 WL 2387836, at *2 (W.D. Wash. May 25, 2018). Further undermining Schiff's claim of a "pattern" of improper removals, other cases associated with this litigation have been removed to federal court and have *not* been

remanded.

The district court did not find that Liberty's arguments in favor of removal were objectively unreasonable. Accordingly, we do not reach that issue. On remand, the district court should consider the objective reasonableness of those arguments, as well as whether the fact that Schiff's class is not certified affects the analyses.[1]

The district court's award of attorney's fees under 28 U.S.C. § 1447(c) is REVERSED and REMANDED for proceedings consistent with this disposition.

---

[1] The district court may wish to reconsider Schiff's arguments that Liberty had to show to a "legal certainty" that the amount in controversy would be met by Schiff's likely legal fees. *See* 28 U.S.C. § 1446(c); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); 14AA Wright & Miller, Federal Practice & Procedure § 3702.2 (4th ed. 2013, Apr. 2019 update); *see also Fritsch v. Swift Transp. Co.*, 899 F.3d 785, 794–96 (9th Cir. 2018) (concluding that future attorney's fees may be included in the amount in controversy and the defendant may attempt to prove that amount by a preponderance of the evidence).