**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE MATHIS,<br><br>     Plaintiff-Appellee,<br><br> v.<br><br>BREW PR LLC and FREUDS,<br><br>     Defendants-Appellants. | No. 20-55674<br><br>D.C. No.<br>2:20-cv-01921-JFW-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 6, 2021
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and DONATO,[**] District
Judge.

Defendants Brew PR LLC and Freuds appeal from the district court's *sua
sponte* order striking a second notice of removal, which resulted in the case being
retransmitted to the California Superior Court for the County of Los Angeles. We

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's order and remand for further proceedings.

Defendants initially removed this case to federal court in March 2020 on the basis of diversity of citizenship. Plaintiff did not oppose removal but the district court *sua sponte* remanded the case on the ground that the complaint did not establish diversity of citizenship. After subsequent discovery in the state court action revealed new information pertaining to diversity of citizenship, defendants filed a "notice of second removal" in the federal case. The district court summarily struck the second notice on the ground that the case had previously been closed and remanded to Los Angeles Superior Court. It retransmitted the case to the state court, and denied a request to stay its order pending appeal.

We have jurisdiction under 28 U.S.C. § 1291 because the order to strike conclusively resolved the litigation in the district court. *See Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008). The order did not refer to any of the grounds for a remand authorized by 28 U.S.C. § 1447(c), and so 28 U.S.C. § 1447(d) does not bar our review. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996). Nor did the retransmittal of the case to state court create a bar to review. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1065 (9th Cir. 2021). We review the district court's order de novo. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006).

20-55674

The second notice was based on defendants' allegation of new information gleaned from discovery. The district court was not barred from considering whether the new information might be sufficient to establish subject matter jurisdiction. *See Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)). The second notice did not impermissibly invite or require the district court to revisit the prior remand order in any way. *See Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam); *Country Music*, 991 F.3d at 1064.

The district court failed to consider the second removal notice on its merits, namely whether defendants could properly remove on the basis of new information about citizenship. The order to strike is vacated, and the case is remanded for further consideration of the second removal notice.

**VACATED AND REMANDED**.