NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENVIRONMENTAL RESEARCH CENTER, INC., a California non-profit corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> HOTZE HEALTH WELLNESS CENTER INTERNATIONAL ONE, LLC, individually and allegedly doing business as HOTZE VITAMINS; et al., <br><br> Defendants-Appellants. | No. 20-15457 <br><br> D.C. No. 3:20-cv-00370-VC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted June 15, 2021[**]
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

Appellants (Hotze) challenge the district court's award of attorneys' fees and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

costs to Appellee Environmental Research Center (ERC). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. "Although 28 U.S.C. § 1447(d) generally bars review of a district court order remanding the case to state court, we have jurisdiction to review the district court's award of fees and costs incurred as a result of removing the case." *Gardner v. UICI*, 508 F.3d 559, 560–61 (9th Cir. 2007) (internal citation omitted). "Absent unusual circumstances, [a district court] may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In cases with successive removal petitions, like this one, we have held that the defendant's second removal petition is "permitted only upon a relevant change of circumstances—that is, when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (citation and internal quotation marks omitted). "[A]n intervening change of law" or amended pleadings are examples of qualifying changes in circumstances. *Id.*

The district court did not err in awarding ERC attorneys' fees and costs.

Contrary to Hotze's opening brief, the district court's first remand order did not rely on Hotze's failure to cite the supplemental jurisdiction statute in its first removal petition.[1]  The district court remanded the case because Hotze failed to show that the district court had subject matter jurisdiction—either because ERC did not allege an injury-in-fact or because, if ERC were assigned California's injury, then California's presence in the suit would destroy diversity jurisdiction. In neither instance would supplemental jurisdiction be relevant.  *See Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").  Therefore, Hotze's second removal petition was not curing a defect in its first petition; it was merely arguing "the same grounds" that the district court "rejected the first time around."

The district court did not abuse its discretion in calculating the attorneys' fees.  A district court has wide discretion in determining an appropriate fee award. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). Here, the district court employed the lodestar method to determine reasonable attorney fees and excluded fees not "incurred as a result of the removal."  28 U.S.C. § 1447(c); *see also Moore*, 981 F.2d at 445.  Accordingly, the district court

---

[1] Hotze's opening brief does not allege a change in law justified its second removal petition.

did not abuse its discretion in setting the fee amount. Hotze's arguments to the contrary are conclusory and disregard the applicable standard of review.

2. ERC's renewed motion for damages is granted in part. Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." "An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit." *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984).

Hotze's challenge of the district court's second remand order and the preceding related case order was frivolous. Neither of these orders were appealable, yet Hotze continuously argued to the contrary, and, each time, we rejected its arguments as meritless. Accordingly, ERC is entitled to the attorneys' fees it incurred in defending against those frivolous portions of this appeal.[2] *See Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (per curiam) ("A penalty is justified in favor of those litigants who have been needlessly put to trouble and expense."). Hotze's appeal of the district court's award of attorneys' fees and costs was not frivolous, and thus, ERC's motion for damages as to this portion of the

---

[2] The determination of an appropriate amount of fees is referred to Appellate Commissioner Lisa B. Fitzgerald, who has authority to conduct whatever proceedings she deems appropriate and to enter an order awarding fees subject to reconsideration by the panel. *See* 9th Cir. R. 39-1.9.

4

appeal is denied.[3]

       AFFIRMED.

---

[3] ERC's motion to take judicial notice is granted.