NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTENSEN LAW OFFICES, LLC, | No. 21-15887 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00424-JCM-BNW |
| v. | |
| ERIC CHRISTENSEN; ELMINA ANN CHRISTENSEN, | MEMORANDUM* |
| Defendants-third-party-plaintiffs-Appellees, | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY; et al., | |
| Third-party-defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 17, 2022**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SILER,*** S.R. THOMAS, and CALLAHAN, Circuit Judges.

Christensen Law Offices, LLC (CLO) appeals the district court order denying its motion for attorneys' fees and costs. For the foregoing reasons, we **AFFIRM**.

CLO sued Eric Christensen and Elmina Christensen (the Christensens) in the Nevada state court to establish the Christensens' debt under a retainer agreement. The Christensens had hired CLO as their purported *Cumis-Hansen* counsel, *see State Farm Mut. Auto. Ins. Co. v. Hansen*, 357 P.3d 338, 343 (Nev. 2015), while their insurer, Government Employees Insurance Company (GEICO), was settling a claim for them. The Christensens filed a third-party complaint against GEICO and the lawyers GEICO had hired to represent the Christensens, Winner & Sherrod, Ltd., and Bruce W. Kelley, seeking indemnification for the Christensens' debt for CLO's attorneys' fees. CLO settled its claim against the Christensens but did not dismiss the claim. GEICO then removed the case to federal court based on diversity jurisdiction. CLO and the Christensens moved to remand because GEICO was the only diverse party, and CLO sought attorneys' fees and costs against GEICO for the allegedly improper removal under 28 U.S.C. § 1447(c). The district court remanded the case but declined to award any fees.

*** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction to review a district court's order granting or denying a motion for fees and costs under § 1447(c). *Gardner v. UICI*, 508 F.3d 559, 560–61 (9th Cir. 2007). We review de novo whether the district court applied the correct legal standard for awarding attorneys' fees and review the award for abuse of discretion. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445–46, 447 (9th Cir. 1992).

Upon remand, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorneys' fees "only where the removing party lacked an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit. . . ." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). To determine whether an objectively reasonable basis for seeking removal exists, we consider whether "at the time the notice of removal was filed" the basis was "clearly foreclosed." *Id* at 1066.

Each of GEICO's bases for removal was objectively reasonable, and CLO never identified "unusual circumstances" that warrant "depart[ure] from the general rule," therefore, "fees should be denied." *Martin*, 546 U.S. at 141.

Defendants may remove cases to federal court, but generally third-party defendants may not. *See Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011). Yet "[c]ourts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court." *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006) (en banc). GEICO sought realignment as a defendant because CLO sued the Christensens so the Christensens could sue GEICO.

Even though Winner & Sherrod, Ltd. and Bruce W. Kelley were non-diverse defendants, *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (requiring complete diversity), courts may "disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). GEICO reasonably argued its co-defendants were fraudulently joined because the Christensens allegedly were not entitled to hire CLO in the first place, and thus the Christensens "could not possibly" recover their debt for CLO's attorneys' fees from either defendant. *Id.* at 548.

By the same token, GEICO reasonably forewent its co-defendants' consent to removal. *See United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("The rule of unanimity does not apply to . . . fraudulently joined parties." (cleaned up)). It likewise reasonably argued the Christensens were not required to consent, as they were plausibly aligned as plaintiffs. *See* 28 U.S.C. § 1446(b)(2)(A).

4

Finally, GEICO sensibly waited to remove the action on March 15, 2021, less than thirty days after being served on February 22, 2021. GEICO had not become "subject to any court's authority" before being served and thus could not be expected to file a notice of removal within thirty days of receiving the Christensens' settlement agreement with CLO. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999). Therefore, "if the complaint is filed in court prior to any service"—as both the complaint and third-party complaint were here—"the removal period runs from the service of the summons." *Id.* at 354.

Also, assuming the action commenced when CLO filed its complaint, GEICO reasonably argued CLO and the Christensens acted in "bad faith" to prevent it from seeking removal less "than 1 year after commencement of the action." 28 U.S.C. § 1446(b)(3), (c)(1). We have yet to define this standard—which weighs in GEICO's favor—but considering CLO's suit against the Christensens was admittedly pro forma, and the Christensens filed their third-party complaint in October 2020 but only served GEICO two days before the one-year bar, GEICO reasonably complained of bad faith.

The district court did not abuse its discretion by denying attorneys' fees and costs.

**AFFIRMED.**

5