**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RSA-TUMON, LLC, | No. 21-16185 |
| Plaintiff-Appellee, | D.C. No. 1:20-cv-00025 |
| v. | |
| SHERIF A. PHILIPS, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| PITT COUNTY MEMORIAL HOSPITAL, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, District Judge, Presiding

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Sherif A. Philips appeals pro se from the district court's orders remanding to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

state court the interpleader action brought against Philips, denying reconsideration, and awarding attorney's fees to RSA-Tumon, LLC. We dismiss in part and affirm in part.

As we held previously, we lack jurisdiction to review the portion of the district court's March 30, 2021 order granting the motion to remand this action to the Superior Court of Guam. *See RSA-Tumon, LLC v. Philips, et al.*, No. 21-15578 (9th Cir. April 15, 2021) (order); *see also Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the law of the case doctrine, one panel of an appellate court will not reconsider questions that another panel has decided on a prior appeal in the same case). We also lack jurisdiction to review the district court's order denying Philips's motion for reconsideration of the order remanding the action. *See* 28 U.S.C. § 1447(d); *Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990) (denial of reconsideration of non-appealable order is itself not appealable); *cf. Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (prohibition on the review of remand orders extends to the district court's own ability to entertain a motion for reconsideration). Accordingly, this portion of the appeal is dismissed for lack of jurisdiction.

We have jurisdiction to review the district court's orders granting RSA-Tumon, LLC's motion for fees and costs under 28 U.S.C. § 1447(c). *See Gardner v. UICI*, 508 F.3d 559, 560-61 (9th Cir. 2007). The district court did not abuse its

discretion by awarding attorney's fees and costs under § 1447(c) in the amount of $4,770.59 because Philips lacked an objectively reasonable basis for removal and the record supports the district court's calculation under the lodestar method. *See* 28 U.S.C. § 1447(c); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (setting forth standard of review and explaining that "'[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal'" (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978-79 (9th Cir. 2008) (discussing proper application of the lodestar method and the district court's "great deal of discretion" to determine the reasonableness of the fee (citation and internal quotation marks omitted)).

We reject as unsupported by the record Philips's contention that the district court was not impartial.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**DISMISSED in part and AFFIRMED in part.**

21-16185